UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUNHO HYON,

        Plaintiff,

    v.

COMMISSION ON JUDICIAL PERFORMANCE, et al.,

        Defendants.

No. 2:19-cv-259-KJM-EFB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

    Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 3. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

    Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's second amended complaint must be dismissed for failure to state a claim.[2]

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint: (1) arise under a federal law or the U. S. Constitution; (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution; or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal

---

[2] Plaintiff amended his complaint twice before the court had an opportunity to screen his prior complaints.

jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The second amended complaint alleges that plaintiff sent a letter to defendant Brian K. Taylor, the Court Executive Officer for the Solano County Superior Court, requesting a copy of an agreement under which a superior court judge agreed to resign. ECF No. 10 at 4. Plaintiff claims, however, that defendant Taylor has refused to provide a copy of the agreement. He further alleges that he wrote a letter to Governor Newsom requesting he vacate an order declaring plaintiff a vexatious litigant. *Id*. That letter was also allegedly ignored. *Id*.

It is not clear from these allegations what specific claim plaintiff is attempting to assert. Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (a complaint must give fair notice and state the elements of the claim plainly and succinctly).

However, it is apparent from the second amended complaint and plaintiff's other filings that he seeks to challenge various state court orders. For instance, plaintiff's original complaint alleges that several state court judges have entered orders, including an order declaring plaintiff a vexatious litigant, adverse to plaintiff. *See generally* ECF No. 1 at 1-42. Plaintiff's first amended complaint claims that the Commission on Judicial Performance has refused to review rulings made by state court judge Scott Kays. ECF No. 7 at 4. It also alleges that Judge Kays has engaged in serious misconduct, including declining to grant plaintiff a jury trial. *Id*. Plaintiff has also filed several documents complaining about state court orders, including state court pleadings that request vacatur of the order declaring plaintiff a vexatious litigant. *See* ECF Nos. 5-6, 8-9, 11-15.

/////

These filings demonstrate that plaintiff seeks, through this action, to challenge various state court rulings. Such challenges are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the claims presented to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n.4, 901 ("Stated plainly, '*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims.'"). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486.

Because plaintiff seeks to challenge state court orders, his claims (whatever they may be) are barred by the *Rooker-Feldman* doctrine. Accordingly, plaintiff's complaint must be dismissed without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 3) is granted.

Further, it is RECOMMENDED that plaintiff's second amended complaint (ECF No. 10) be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

4

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 5, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE